UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-508-S

**ANGELICA CANDELO** *et al.*                                                                 **PLAINTIFF**

v.

**T.S.A.** *et al.*                                                                                      **DEFENDANT**

### MEMORANDUM AND ORDER

Plaintiffs Angelica and Alexander Candelo commenced this action against Defendants TSA and American Airlines alleging damages from lost and damaged suitcases during a trip to Panama City, Panama in December 2008. Because Plaintiffs are proceeding *in forma pauperis*, this Court is required to screen the complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)).

Construing the *pro se* complaint broadly, as the Court is required to do at this stage, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), Plaintiffs allege that items in a suitcase were lost on the flight from Louisville, Kentucky to Panama City and that they incurred $4,000 in damages. On the return flight, Plaintiffs claim that four suitcases were damaged causing them $8,000 in damages. Plaintiffs filed claims under the Federal Tort Claims Act against TSA. By letters dated May 6, 2009, TSA denied the claims under the FTCA and advised them that they may file an action in the appropriate U.S. District Court. Plaintiffs filed this action seeking reimbursement of $12,000 and damages for pain and suffering.

On initial review of the complaint under 28 U.S.C. § 1915(e)(2),[1] the Court will dismiss the FTCA claims against the TSA. In *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994), the Supreme Court held that, if a suit is cognizable under § 1346(b) of the FTCA, the FTCA remedy against the United States is exclusive and the federal agency cannot be sued in its own name. Therefore, the proper party defendant is the United States. Upon review, the Court will allow Plaintiffs' claims to proceed against Defendant American Airlines.

Consequently, **IT IS HEREBY ORDERED** as follows:

(1)    Plaintiffs' claims against the TSA are **DISMISSED**; the TSA shall thus be **TERMINATED** as a Defendant in this action.

(2)    Plaintiffs shall have **30 days** to amend the complaint to name the United States as a Defendant.

(3)    Plaintiffs' claims against American Airlines **SHALL PROCEED** beyond initial screening under 28 U.S.C. § 1915(e)(2).

(4)    The **Clerk of Court** shall issue summons and effect service of process of the complaint (DN 1) on Defendant American Airlines by way of the U.S. Marshals Service in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(2).

(5)    The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to the opposing party. Any paper received by

---

[1] Under § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

  (6) Plaintiffs must provide written notice of a change of address to the Clerk and to Defendant's counsel. *See* Local Rule 5.2(d).

  (7) Plaintiffs' failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court **may result in a dismissal of this case**.

Date: September 10, 2009

               **Charles R. Simpson III, Judge**
               **United States District Court**

cc: Plaintiffs, *pro se*
   Defendants
   United States Attorney
4411.010