UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANGELICA CANDELO and ALEXANDER CANDELO, PLAINTIFFS

v. CIVIL ACTION NO. 3:09-CV-508-S

AMERICAN AIRLINES, DEFENDANT

## OPINION AND ORDER

Angelica Candelo and her son Alexander traveled to Panama City, Panama in December 2008. Upon arrival in Panama, one of their suitcases was allegedly missing for four days. None of its contents appear to have been permanently lost or damaged at that time. They then returned to Louisville, Kentucky, where they allegedly found their luggage wet and smelling of chemicals. They brought this *pro se* lawsuit against the Transportation Security Administration (since dismissed from the case) and American Airlines ("American"), seeking $4,000 in damages for the temporary loss of their belongings in Panama and $8,000 for the loss suffered upon return to the United States. American now moves for judgment on the pleadings with respect to the first claim. That motion should be granted, pursuant to Fed. R. Civ. P. 12(c), if the allegations of the complaint, even taken as true, would not state a claim for which the court can grant relief. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (*citing Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

The Montreal Convention[1] entered into force on November 4, 2003 in the United States, *Byrd v. Comair, Inc.*, 501 F. Supp. 2d 902, 907 (E.D. Ky. 2007) (*citing Ehrlich v. American Airlines,*

---

[1] The text of the Convention is available at http://www.jus.uio.no/lm/air.carriage.unification.convention.montreal.1999.

*Inc.*, 360 F.3d 366, 370 (2d Cir. 2004)), and on April 11, 2003 in Pamama.[2] It is self-executing (that is, it carries the force of law without separate legislation) and creates a private cause of action for the enforcement of the rights it protects. *Id.* (*citing* Baah v. Virgin Atlantic Airways Ltd., 473 F. Supp. 2d 591, 593 (S.D.N.Y. 2007)). It "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, art. 1(1). Article 17(3) reads:

> If the carrier admits the loss of the checked baggage, or if the checked baggage has not arrived at the expiration of twenty-one days after the date on which it ought to have arrived, the passenger is entitled to enforce against the carrier the rights which flow from the contract of carriage.

The right of action for a missing bag does not accrue until the luggage is gone for 21 days or more. Here the plaintiffs' first claim relates to baggage that was delayed only four days. They therefore have no cause of action and the portion of their complaint that relates to that four-day delay must be dismissed.

We emphasize that the plaintiffs remain free to pursue the $8,000 claim for damage to their luggage sustained on the trip back to Kentucky. The motion for partial judgment on the pleadings (DN 14), however, must be **GRANTED**. The $4,000 claim for lost or delayed baggage is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

---

[2] *See* List of Parties to the Montreal Convention, *available at* http://www.icao.int/icao/en/leb/mtl99.pdf.